United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS HERNANDEZ-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-432-ALL
--------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Hernandez-Perez appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the district court committed reversible error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines held unconstitutional in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court erred when it sentenced Hernandez-Perez pursuant to a mandatory guidelines system. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). This error was more like that experienced by the other respondent in Booker, Ducan Fanfan. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). Because Hernandez-Perez preserved his Fanfan challenge in the district court by raising an objection based on Blakely v. Washington, 542 U.S. 296 (2004), we review for harmless error. See United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005) (Booker error). The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Hernandez-Perez differently under an advisory guidelines system. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).

The sentencing transcript is silent with regard to whether the district court would have applied the same sentence had the Guidelines been advisory rather than mandatory. Further, although the district court believed there was no basis to depart from the Guidelines, that fact alone "sheds little light on what the sentencing judge would have done knowing that the [G]uidelines were advisory." Garza, 429 F.3d at 171 (quotation marks and citation omitted). Therefore, the Government has failed to carry its burden of showing beyond a reasonable doubt that the error did not affect Hernandez-Perez's sentence. See

id. at 170-71.  We therefore vacate Hernandez-Perez's sentence and remand the case for resentencing.

Hernandez-Perez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Hernandez-Perez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Hernandez-Perez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Hernandez-Perez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.